UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRED G. GEISLER, et al.,

Plaintiffs,

v.

DANIEL BASS, et al.,

Defendants.

Case No. 26-cv-02800-HSG

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO TRANSFER TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF NEVADA, FOR REFERRAL TO THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

Re: Dkt. No. 19

Pending before the Court is Defendants' Motion to Transfer to the U.S. District Court for the District of Nevada, for Referral to the U.S. Bankruptcy Court for the District of Nevada, under 28 U.S.C. §§ 1404(a), 1412. Motion to Transfer ("Mot."), Dkt. No. 19; Opposition ("Opp."), Dkt. No. 23; Reply ("R."), Dkt. No. 26. The Court found this matter appropriate for disposition without oral argument and the matter was deemed submitted. Civil L.R. 7-1(b); Dkt. No. 38. The Court ordered supplemental briefing addressing transfer to the District of Nevada specifically, and the parties filed supplemental briefs. Dkt No. 39; Plaintiffs' Supplemental Transfer Briefing ("P. Supp."), Dkt. No. 41; Defendants' Supplemental Transfer Briefing ("D. Supp."), Dkt. No. 40.

The Court **GRANTS IN PART** and **DENIES IN PART** the motion. This case is **TRANSFERRED** under 28 U.S.C. § 1404(a) to the District of Nevada, leaving the propriety of any intradistrict referral to the Nevada Bankruptcy Court within the sound discretion of the District of Nevada.

## I. LEGAL STANDARD

A district court may transfer a civil action to "any other district or division where it might

have been brought" for the convenience of the parties and witnesses and "in the interest of justice." 28 U.S.C. § 1404(a). The Court has broad discretion. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).

A two-step analysis applies: (1) "whether the transferee district was one in which the action 'might have been brought' by the plaintiff," *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960); and (2) an "individualized, case-by-case consideration of convenience and fairness," *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation omitted). Courts weigh public interest factors (such as familiarity of the court in each forum with the applicable law, the cost differential of litigation in the two forums, and local interest in the controversy) as well as private interest factors (such as the plaintiff's choice of forum and access to sources of proof) to determine if transfer is warranted. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

Facts can be drawn from the briefing's declarations and exhibits. *McClure v. Panzura, LLC*, No. 24-cv-02966-EKL, 2025 WL 901945, at *1 n.1 (N.D. Cal. Mar. 25, 2025). Defendants bear the burden. *Jones*, 211 F.3d at 499.

## II. DISCUSSION

The first prong of the transfer analysis is met. The parties agree that this action can be brought in the District of Nevada under federal diversity subject matter jurisdiction because there is complete diversity and the complaint facially pleads a sufficient amount in controversy. *See* Complaint ("Compl."), Dkt. No. 1 ¶¶ 1–8, 90–91; P. Supp. at 2; D. Supp. at 2; *see also Amberger v. Legacy Cap. Corp.*, No. 16-cv-05622-JSC, 2017 WL 264078, at *2 (N.D. Cal. Jan. 20, 2017) (transferring case under Section 1404(a) after finding diversity jurisdiction and noting the inapplicability of the forum defendant rule).[1] Further, Plaintiffs concede that personal "jurisdiction over a plaintiff is not a limit on transfer," P. Supp. at 3, and Defendants have consented to personal jurisdiction in the District of Nevada, *see* D. Supp. at 5; *see also Marotto v.*

[1] Complete diversity exists even accepting the representation in the declaration of Danny Fishman that two of the Defendants—Daniel Bass and Celeste Bass—are residents of Texas, not California. *Compare* Compl. ¶¶ 4–5 *with* Dkt. No. 19-2 ¶ 15.

United States District Court
Northern District of California

*Kellogg Co.*, No. 18-cv-03545-AKH, 2018 WL 10667923, at *5 (S.D.N.Y. Nov. 29, 2018) (citations omitted) (finding that "the [transferee] court has personal jurisdiction over Defendants by their implied consent in making this [Section 1404(a)] motion"). Finally, venue is proper under Section 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Nevada. 28 U.S.C. § 1391(b)(2). This includes multiple orders of the Nevada Bankruptcy Court, legal documents executed in Nevada, and acts or omissions regarding or affecting the Nevada Bankruptcy Court and the ultimate disposition of the disputed entity. *See, e.g.*, Compl. ¶¶ 10–22, 26–40, 43–46, 48–58; Dkt. No. 19-1 at 10–30, 57, 63–64, 97–126, 223, 229–33, 238–78, 299–300, 307–09; Mot. at 2–8; D. Supp. at 2–3.

The second prong of the transfer analysis is also met. Though substantial weight is given to Plaintiffs' choice of venue, *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), core factors weigh in favor of transfer. The complaint alleges and the moving papers detail conduct both predating and concerning the Nevada Bankruptcy Court's proceedings related to the entity at issue. *See, e.g.*, Compl. ¶¶ 10–22, 26–40, 43–46, 48–58; Dkt. No. 19-1 at 10–30, 57, 63–64, 97–126, 223, 229–33, 238–78, 299–300, 307–09; Mot. at 2–8; D. Supp. at 2–3. The District of Nevada and its bankruptcy court are familiar with the "law of the case" established during the underlying bankruptcy, and judicial economy strongly favors transfer to those courts as best positioned to adjudicate this case in light of any implications stemming from the Nevada Bankruptcy Court's orders.[2] *See Jones*, 211 F.3d at 498–99; *Byerson v. Equifax Info. Servs., Inc.*, 467 F. Supp. 2d 627, 635–37 (E.D. Va. 2006) (transferring on judicial economy grounds case involving "quite similar" claims, legal theories, and overlapping conduct by relevant parties). Litigation cost considerations (and judicial economy) are also advanced by hearing this case in a District that is already familiar with the relevant bankruptcy and the parties' histories, rather than repeating that extensive context in this Court. And while California has an interest in enforcing its judicial orders, *see* Compl. ¶ 47, the state's interest in this litigation is balanced against Nevada

---

[2] That may include passing on issues the parties raised regarding: (1) the Nevada Bankruptcy Court's retention of jurisdiction generally; and (2) whether the Nevada Bankruptcy Court has subject matter jurisdiction over this action specifically, or if its convening Article III authority, the District of Nevada, will hear the case. *See* Opp. at 8–9; R. at 9–12.

and the public's interest in the consistent and efficient application of the bankruptcy law.

The parties' contacts with California are disputed and do not clearly weigh in favor of proceeding either here or in Nevada. *See* Mot. at 11–12; Opp. at 11–12; R. at 5–6. Nor does knowledge of the relevant law weigh against transfer: The relevant "law of the case" arises from the Nevada Bankruptcy Court, and the District of Nevada is guided by the same circuit interpretations of California law as this court regarding Plaintiffs' California state claims. *Cf.* Opp. at 10. Ease of access to evidence is neutral because the core evidence appears to be testimonial and documentary. *See* Mot. at 13; Opp. at 13. The parties agree that the purported agreement giving rise to this action was negotiated in Texas, so that factor is also neutral with respect to transfer. *See* Mot. at 9; Opp. at 10. Finally, counsels' convenience "is not a relevant consideration." *Lixenberg v. Coogi Partners, LLC*, No. 17-cv-02537-MWF, 2018 WL 4850402, at *3 (C.D. Cal. Feb. 27, 2018).

## III. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** the Motion to Transfer to the U.S. District Court for the District of Nevada, for Referral to the U.S. Bankruptcy Court for the District of Nevada. Dkt. No. 19. The Clerk is directed to **TRANSFER** this case to the U.S. District Court for the District of Nevada and to close the file.

**IT IS SO ORDERED.**

Dated: 9/9/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge